UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NATIONAL RETIREMENT FUND, et al.,<br><br>                              Plaintiffs,<br><br>-against-<br><br>DOMESTIC LINEN CONTROL GROUP,<br><br>                              Defendant. | 23-CV-5955 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

By Friday, June 7, 2024, at 5:00 PM, the parties should submit letters of no more than 7 single-spaced pages responding to the following questions:

1. Please walk through, in detail, the entire calculation of Defendant's withdrawal liability, including all assumptions that were made and all inputs that were used. Please refrain from using jargon.

    a. If there is a report outlining the calculation that was sent to Defendant, the parties should also submit that report.

2. In justifying their chosen interest rates, Plaintiffs rely in part on the fact that "withdrawal liability installment payments do not get invested for the long term." Dkt. 29 at 22. The Court takes Plaintiffs to be arguing that because some of the payments are used immediately and therefore earn a 0% interest rate, the proper interest rate should be somewhere between 7.3% and 0%. But it is not clear to the Court why it is necessary to adjust the interest rate when the withdrawal liability calculation presumably already accounts for the fact that some portion of the plan's assets will be used each year to satisfy its liabilities.

3. The Court would like to better understand the statutory requirements for calculating minimum funding. Both *Concrete Pipe* and Defendant rely on the similar language in the minimum funding and withdrawal liability provisions to argue that the interest rate must be the same or similar for both calculations. But as *GCIU-Emp. Ret. Fund v. MNG Enterprises, Inc.*, 51 F.4th 1092, 1100 (9th Cir. 2022) points out, "[t]he minimum funding provision … states that the interest rate 'shall be ... determined *without* taking into account the experience of the plan.'" *Id.* at 1100 (quoting 29 U.S.C.

§ 1084(c)(6)(E)(iii)(I)). The parties should explain how 29 U.S.C. § 1084(c)(6)(E)(iii)(I) affects the argument that the interest rates used in both calculations should be the same or similar.

4. The arbitrator gave two grounds for the decision here: the interest rate used to calculate withdrawal liability must (1) be similar to the interest rate used to calculate minimum funding and (2) reflect the Fund's past or projected investment returns. Do the parties agree that the Court must affirm the arbitration award so long as it agrees with the arbitrator on either ground?

5. The arbitrator said that the chosen interest rate was unreasonable because it "was not chosen based on the Fund's *past or projected investment returns*." Is there a difference between concluding that the interest rate must reflect the Fund's "past investment returns" and that it must reflect the Fund's "projected investment returns"? If so, which one is required by the statute?

    a. Was the 7.3% rate based on the Fund's "past investment returns" or its "projected investment returns"?

SO ORDERED.

Dated: May 31, 2024
New York, New York

                                                                              ARUN SUBRAMANIAN
                                                                              United States District Judge