UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The National Retirement Fund et al.,

          Plaintiffs–Counterclaim
          Defendants,

          -against-

Domestic Linen Control Group,

          Defendant–Counterclaim
          Plaintiff.

23-cv-5955 (AS)

25-cv-7930 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Following a remand from this Court, an arbitrator reaffirmed his decision in a dispute over the proper interest rate to use for withdrawal liability in a multiemployer pension plan. Domestic Linen Control Group's motion to confirm the award is GRANTED, and the National Retirement Fund (NRF)'s cross-motion to reverse the award is DENIED.

## BACKGROUND

The Court detailed the factual and procedural background of this case in its prior opinion and order, *Nat'l Ret. Fund v. Domestic Linen Control Grp.*, 2024 WL 3607316 (S.D.N.Y. July 31, 2024).

On remand, NRF argued to the arbitrator that he should reopen the record to allow it to present evidence on administrative expenses. Dkt. 56-1 at 2–3.[1] Domestic Linen asserted that the remand was for the sole purpose of explaining the rationale behind the 7.3% rate. *Id.* at 3. The arbitrator agreed with Domestic Linen that the record should not be reopened, and stated that he chose the 7.3% interest rate because it was the only rate discussed as being relevant in determining Domestic Linen's withdrawal liability. *Id.* at 3–4.

Domestic Linen moved to confirm the award, and NRF cross-moved to reverse the award. Dkts. 56, 58.

---

[1] All citations to the docket are to case 23-cv-5955 unless otherwise stated.

**DISCUSSION**

**I.    The arbitrator's award is confirmed in full, because NRF's evidentiary objections are forfeited**

The sole argument NRF raised on remand, and the sole argument it raises at this juncture, is that the evidentiary record should have been reopened to allow it to present evidence as to administrative expenses that should have factored into the interest-rate selection. NRF's argument hinges on the statutory mandate that the "actuarial assumptions and methods" must be "reasonable" "*in the aggregate*." 29 U.S.C. § 1393(a)(1) (emphasis added). That aggregate calculation, it reasons, should consider administrative expenses. Dkt. 59 at 12–13.

But even assuming that NRF is correct that the administrative expenses should be considered, its problem is that it failed to introduce any evidence into the record as to administrative expenses before summary judgment. NRF had an opportunity to introduce evidence as to administrative expenses for the arbitrator to consider. It chose not to, for whatever reason, and relied solely on its argument for the lower interest rates of 1.98% and 2.84%. Even if the lower rates NRF proposed took into account administrative expenses, its defense against the higher rate sought by Domestic Linen should have included evidence of administrative expenses.

NRF argues that the lack of evidence in the record is the arbitrator's fault, because he refused to allow NRF to supplement the record on remand. *Id.* at 15. But the issue arose much earlier, when NRF failed to introduce any evidence of administrative expenses in the initial arbitration proceeding, before any action was filed in this Court. *That* was the proper time to introduce evidence on administrative expenses. The Court's remand to the arbitrator did not permit any reopening of the record. "As courts in this District have long recognized, [w]hen an award is remanded for clarification, the arbitrator is limited in his review to the specific matter remanded for clarification and may not rehear or redetermine those matters not in question." *Ecopetrol S.A. v. Offshore Expl. & Prod., LLC*, 2024 WL 2701597, at *8 (S.D.N.Y. May 23, 2024) (quotation omitted). So Domestic Linen's motion is granted, and NRF's motion is denied.

**II.    The Court does not address Domestic Linen's request for attorney's fees**

Domestic Linen's briefing included a request for attorney's fees. Dkt. 61 at 12–13. Attorney's fees can only be requested by motion. Fed. R. Civ. P. 54(d)(2). As no motion for fees has been filed, the Court does not address attorney's fees at this time. Should Domestic Linen wish to pursue attorney's fees, it must follow the procedures stated in the rule within 14 days of the entry of the amended judgment. Any motion for attorney's fees shall have the same effect on the time to appeal under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Federal Rule of Civil Procedure 59. *See* Fed. R. Civ. P. 58(e).

**CONCLUSION**

Domestic Linen's motion to amend the judgment and confirm the arbitral award is GRANTED. NRF's cross-motion to reverse the arbitral award is DENIED.

The Clerk of Court is respectfully directed to:

1. Terminate the motion at Dkt. 58 in 23-cv-5955;

2. Enter an amended judgment in 23-cv-5955 stating that the arbitrator's award in AAA Case No. 01-20-0005-1081 adopting a 7.3% interest rate is confirmed in full; and

3. Close both 23-cv-5955 and 25-cv-7930.

SO ORDERED.

Dated: April 14, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge